IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM HASSAN MILHOUSE,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-14-1013** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **B. MOTTERN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## M E M O R A N D U M

### I.    Background

On May 28, 2014, Plaintiff Kareem Hassan Milhouse, an inmate currently

incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-

Lewisburg"), filed a *pro se* complaint pursuant to 28 U.S.C. § 1331 and the Federal

Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2680.  (Doc. 1.)  Named as

Defendants are the United States, the Federal Bureau of Prisons ("BOP"), and

various prison officials from USP-Lewisburg.  In the complaint, Plaintiff claims

that Defendants violated his constitutional rights in connection with an assault by

USP-Lewisburg corrections officers occurring on May 8, 2014.  Along with his

complaint, Plaintiff has submitted a motion requesting leave to proceed *in forma*

*pauperis*.  (Doc. 6.)  The BOP filed a response to Plaintiff's motion, (Doc. 12), to

which Plaintiff replied, (Doc. 13).  For the reasons set forth below, the complaint

will be dismissed without prejudice pursuant to the provisions of 28 U.S.C. §

1915(g).

### II.    Discussion

The Prison Litigation Reform Act of 1996 ("PLRA") was enacted in an effort to halt the filing of frivolous inmate litigation, and included what is commonly referred to as the "three strikes" provision.  Codified at 28 U.S.C. § 1915(g), the "three strikes" rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim, may not proceed in a civil action *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc).  The "imminent danger" exception to § 1915(g)'s "three strikes" rule is available "for genuine emergencies," where "time is pressing" and "a threat is real and proximate."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  "Imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed.  *Abdul-Akbar*, 239 F.3d at 312.

Dismissals of actions entered prior to the effective date of the PLRA are counted toward the "three strikes" referred to in 28 U.S.C. § 1915(g).  *See Keener v. Pa. Bd. of Prob. & Parole*, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that dismissals based on frivolousness before 1996 "are included among the three that establish the threshold for requiring a prisoner to pay the full docket fees unless the prisoner can show s/he is 'under imminent danger of serious physical injury'").  The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed *in forma*

*pauperis*, requiring inmates to pay the full filing fee prior to commencing suit.

Here, there is no question that, since 1996, Plaintiff has filed no less than four (4) civil actions or appeals in this court, the Eastern District of Pennsylvania, the Third Circuit Court of Appeals, and courts in other jurisdictions. Many of these actions were dismissed on grounds that they were frivolous or failed to state a claim upon which relief may be granted. *See Milhouse v. Levi*, No. 07-4048 (3d Cir. Mar. 26, 2008); *Milhouse v. Arbasak*, Nos. 09-2709 & 2858 (3d Cir. Apr. 28, 2010); *Milhouse v. Bledsoe*, Civ. No. 1:10-CV-0053 (M.D. Pa. Oct. 6, 2010); *Milhouse v. Levi*, Civ. No. 2:09-CV-5363 (E.D. Pa. Nov. 24, 2010); *Milhouse v. Jordan*, Civ. No. 1:09-CV-1365 (M.D. Pa. Feb. 14, 2011). Plaintiff does not dispute the fact that he has brought three or more actions or appeals in the federal courts that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. (*See* Doc. 6.) *See also Milhouse v. Holt*, Civ. No. 1:12-CV-1286 (M.D. Pa. Aug. 1, 2012) (complaint dismissed without prejudice due to Plaintiff's three strikes); *Milhouse v. O'Brien*, Civ. No. 1:14-CV-0016 (N.D. W.V. May 9, 2014) (adopting report and recommendation for dismissal of complaint without prejudice due to Plaintiff's three strikes).

Turning to Plaintiff's present action, Plaintiff alleges that on May 8, 2014, corrections officers arrived at his cell to perform a search. (Doc. 1 at 2.) Once Plaintiff was cuffed and temporarily placed in the shower area, Defendants Mottern and Boussaug verbally threatened Plaintiff, placed his penis and testicles in a tight

grip, slammed him onto the ground, and sat on his back and shoved an object into

his rectum.  (*Id*.)  Plaintiff claims that he filed a grievance with Defendant Thomas

regarding this incident, and, approximately ten (10) days later, Defendant

Boussaug again verbally threatened him.  (*Id*. at 3.)  Plaintiff claims to have pain in

his back, shoulder, neck, and rectum, as well as blood in his stool as a result of the

foregoing alleged assault.  (*Id*. at 4.)

In his application to proceed *in forma pauperis*, Plaintiff has provided the

following details as to why he is "under imminent danger of serious physical

injury":

> Plaintiff was heinously assaulted by defendant for perceived
> disrespect to defendant B. Mottern on 5-[ ]8-14.  And 5-20-14
> threatened by C/O J. Eck whose [sic] not a defendant on this case and
> on 5-19-2014 Plaintiff was threatened by defendant Boussag.  Plaintiff
> is under imminent danger from defendants B. Mottern, H. Boussag
> and Loyer.  Plaintiff is under their direct authority and defendant H.
> Boussag stated on 5-19-2014 that he will make sure Plaintiff is put in
> a recreation cage with a[n] enemy.

(Doc. 6 at 2.)

The BOP's response to Plaintiff's allegation of imminent danger indicates

that staff at USP-Lewisburg are familiar with Plaintiff, as he has previously been at

the institution. (Doc. 12 at 2.)  This court is also familiar with Plaintiff as the court

has addressed many of his multiple and various filings in the Middle District.  *See*

*supra*.  Further, Plaintiff has a history of making allegations of assault by staff,

which have been unsubstantiated following investigations.  (*See* Doc. 12 at 2.)  In

his reply, Plaintiff does not deny this assertion; rather, he counters that USP-Lewisburg officials have a history of assaulting prisoners.  (Doc. 13 at 2.)  In fact, he claims that his cellmate was assaulted by another inmate at Defendant Boussaug's direction.  (*Id*. at 2-3.)

In this instance, the Lewisburg Prison Project notified USP-Lewisburg on June 2, 2014, that Plaintiff had contacted them about an allegation of an assault by staff on May 8, 2014.  (*Id*.)  As a result, Plaintiff was clinically evaluated that same day.  (*Id*. at 3.)  At his examination, Plaintiff alleged that on May 8, 2014, in the G-Block shower area, he was choked by staff, slammed to the floor, and something was stuck in his rectum.  (*Id*.)  Records submitted by the BOP indicate that Plaintiff did not notify any other staff at the time of the assault, despite medical staff being available on the housing units daily for inmates to sign up for sick call.  (*Id*.)  The examination revealed that Plaintiff was not in any distress and his anus-perianal showed no signs of trauma or injury, including "ulceration(s), rash, excoriations, trauma, ecchymosis, swelling, lesion(s), erythema, tenderness on palpation." (*Id*. at 4; Doc. 12-1 at 6.)  He also denied having any bleeding or pain.  (Doc. 12-1 at 6.)  In his reply, Plaintiff admits that he was examined that day, but claims his examination was not thorough and should have included an internal rectal examination.  Nevertheless, since the June 2, 2014 examination, Plaintiff has been seen at the chronic care clinic for an unrelated medical condition, but has not mentioned the alleged May 8, 2014 assault.  (Doc. 12 at 4.)  Instead, his only

5

complaint related to the confiscation of his mattress, which was subsequently

returned to him.  (*Id*.)

In addition to scheduling a clinical evaluation of Plaintiff in response to his

allegations, the BOP asserts that USP-Lewisburg also referred the matter to the

Office of Inspector General ("OIG").  (*Id*.)  Plaintiff denies this fact, countering

that he contacted OIG by letter dated May 11, 2014.  (Doc. 13 at 2.)  This letter is

not of record.  In any event, Plaintiff was interviewed on June 26, 2014, and,

although OIG has not yet filed a report, USP-Lewisburg's Special Investigative

Agent James Fosnot, the officer in charge of investigating allegations of staff

misconduct, declared that Plaintiff's allegations were unfounded.  (*Id*.; Doc. 12-1,

J. Fosnot Decl.)

Upon review of the complaint, Plaintiff's allegations set forth in his *in forma*

*pauperis* application, the BOP's response, and Plaintiff's reply thereto, the court

finds that Plaintiff does not satisfy the imminent danger exception to the "three

strikes" rule.  Plaintiff's imminent danger allegation is based on verbal threats and

injuries to his back and rectum stemming from a single past incident.  Neither of

these necessarily suggests a threat of future harm.  *See Abdul-Akbar*, 239 F.3d at

315 n.1 (concluding that a single alleged past assault with pepper spray did not

constitute imminent danger).  Courts also reject imminent danger claims when a

prisoner alleges only a past injury that has not recurred.  *Ball v. Famiglio*, 726 F.3d

448, 468 (3d Cir. 2013) (citing *Abdul-Akbar*, 239 F.3d at 315).  Additionally, his

allegations of physical injury are unsupported by the record, as it is clear that

Plaintiff was examined following the alleged incident and no trauma was noted.

(*See* Doc. 12-1 at 6-7.)  To the extent that Plaintiff may be alleging that medical

treatment was withheld, the record clearly shows that he was seen by a physician's

assistant on the same day the incident was reported to staff, which defeats any

showing of imminent danger.[1]  *See Ball*, 726 F.3d at 468 ("[E]ven if poor care for

[a plaintiff's] past injuries . . . may prove detrimental to [the plaintiff's] health over

time, they do not represent 'imminent dangers' which are 'about to occur at any

moment or are impending.'" (quoting *Abdul-Akbar*, 239 F.3d at 315)).  Moreover,

even if the court were to accept asa true Plaintiff's entirely unsubstantiated

allegation that medical treatment was withheld prior to the June 2, 2014

examination, there is nothing to suggest that he continues to face any "imminent"

danger as a result of the alleged failure to provide medical treatment at the time he

filed the complaint.  *See Ball*, 726 F.3d at 468 ("'[V]ague and utterly conclusory'

assertions that medical treatment has been withheld, particularly when a prisoner

has been seen repeatedly by a physician, do not amount to a showing of imminent

danger.").

---

[1] In his reply, Plaintiff asserts that he "submitted sick call every day and they weren't responded to nor documented." (Doc. 13 at 1.)  However, there is no support in the record for this bald assertion.  In fact, Plaintiff attaches to his reply other grievances he apparently submitted complaining about the incident, but nothing about a delay in medical treatment. (See Doc. 13-2, Ex. 2.)  Further, Plaintiff's letter to the Lewisburg Prison Project makes no mention of a delay in medical treatment. (Doc. 13-2, Ex. 1.)

Finally, with respect to Plaintiff's allegation that Defendant Boussaug verbally threatened Plaintiff with placement in a recreation cage with an enemy, it is well-settled that mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. *Balliet v. Whitmire*, 626 F. Supp. 219, 228-29 (M.D. Pa. 1986) ("Verbal abuse is not a civil rights violation . . . ."). Rather, a viable claim has been found only if some action taken by the defendant escalated the threat beyond mere words. *See Northington v. Jackson*, 973 F.2d 1518 (10th Cir. 1992) (addressing an instance when a guard put a revolver to inmate's head and threatened to shoot). Here, there is no indication that any of the verbal threats were accompanied by a reinforcing act, and, therefore, such allegations fail to suggest that Plaintiff was under any imminent danger to serious physical injury when he filed the complaint. Moreover, Plaintiff's allegation that Defendant Boussaug directed an inmate to assault Plaintiff's cellmate does not show that Plaintiff himself is subject to "imminent" danger of physical injury.

Because Plaintiff has failed to provide any support for his allegations that he was in imminent danger when he filed his complaint, he may not proceed in this action without prepayment of fees under § 1915(g).  Thus, Plaintiff is not entitled to proceed *in forma pauperis*, and this action will be dismissed without prejudice pursuant to § 1915(g).

An appropriate order will issue.

                              s/Sylvia H. Rambo
                              United States District Judge

Dated:  August 4, 2014.